PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| EMILIO ESTRADA BENITEZ, *et al.*, ) | |
| ) | CASE NO. 5:23CV1883 |
| Plaintiffs, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| MAUST TRUCKING, INC., *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

On January 12, 2023, Plaintiffs Emilio Estrada Benitez, Bryan Estrada Laguer, Kethziel Sevilla Medina, and Kelvin Melendez Serrano filed a complaint raising only state law claims for personal injury in the Portage County, Ohio Court of Common Pleas, being Case No. 2023CV00033. Maust Trucking, Inc. ("Maust Trucking"), Todd Shaffer ("Shaffer"), Alexis Espiritu ("Espiritu"), Jenibel Paray ("Paray"), State Farm Mutual Automobile Insurance Company ("State Farm"), and John/Jane Doe #1-2 were named as defendants. Plaintiffs allege "[a]t all relevant times herein, Plaintiffs were insured on a motor vehicle insurance policy issued by Defendant State Farm Mutual Automobile Insurance Company ("Defendant State Farm"), which provides for *medical payments* and/or uninsured/underinsured motorist *coverage*." Complaint (ECF No. 1-1) at PageID #: 12, ¶ 19 (emphasis added). On January 19, 2023, Maust Trucking and Shaffer filed a Joint Answer (ECF No. 1-2 at PageID #: 17-22).[1] On January 23, 2023, State Farm filed an Answer and Crossclaim against Maust Trucking, Shaffer, Espiritu, and

---

[1] On October 2, 2023, Maust Trucking and Shaffer filed a redundant Joint Answer (ECF No. 4) in this Court.

(5:23CV1883)

Paray (ECF No. 1-2 at PageID #: 23-27). On February 14, 2023, Espiritu and Paray filed an Answer (ECF No. 1-2 at PageID #: 30-33).

On September 27, 2023, Maust Trucking and Shaffer only removed the above-entitled action to this Court on the basis of diversity jurisdiction. According to Maust Trucking and Shaffer, "[b]ecause Plaintiffs and State Farm were residents of the same state, there was no complete diversity amongst the parties and this case was not initially removable." Notice of Removal of Civil Action (ECF No. 1) at PageID #: 2, ¶ 3. Maust Trucking and Shaffer also declare that "[o]n September 22, 2023, Plaintiffs voluntarily dismissed State Farm from this action." ECF No. 1 at PageID #: 2, ¶ 4. Maust Trucking and Shaffer assert that, as a result of State Farm being dismissed from the state court litigation in September 2023, complete diversity was established. A review of Plaintiffs' Partial Voluntary Dismissal of Defendant State Farm Mutual Automobile Insurance Co.[2] reveals that it provides, in relevant part:

> Plaintiffs . . . hereby voluntarily dismiss their claims against Defendant State Farm Mutual Automobile Insurance Company as to the claims in the Complaint concerning uninsured and underinsured motorists coverage, *only*, without prejudice and pursuant to Civ. R. 41(A)(l)(a). This dismissal has no effect on any remaining claims, including any claims brought by or against Defendant State

---

[2] A copy of all process, pleadings, and orders served upon the removing parties must accompany the notice. 28 U.S.C. § 1446(a). A copy of Plaintiffs' Partial Voluntary Dismissal of Defendant State Farm Mutual Automobile Insurance Co. is not attached to the Notice of Removal (ECF No. 1). Copies of the state case pleadings and papers, however, are available from the Portage County, Ohio Clerk of Courts. *See* https://services.portageco.com/eservices/home.page.21 (last visited October 30, 2023); *Smitley v. Eppinger*, No. 1:18CV1838, 2018 WL 9618503, *1 n. 2 (N.D. Ohio Sept. 21, 2018)) ("Federal Courts may take judicial notice of public records, such as dockets and proceedings in other courts.") (citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)).

2

(5:23CV1883)

>Farm Mutual Automobile Insurance Company concerning Medical Payments coverage. (Emphasis in original.)

Contrary to the representation of Maust Trucking and Shaffer, Plaintiffs still have a pending claim against State Farm for medical payments coverage.

Plaintiffs are individuals identified in the caption of the Complaint as residents of Ohio. *See* ECF No. 1-1 at PageID #: 8. Maust Trucking is a corporation incorporated in Pennsylvania with its principal place of business in Selinsgrove, Pennsylvania. *See* ECF No. 1 at PageID #: 3, ¶ 15. Shaffer is an individual identified in the caption of the Complaint as a resident of Pennsylvania. *See* ECF No. 1-1 at PageID #: 8; ECF No. 1 at PageID #: 3, ¶ 11. Espiritu is an individual identified in the caption of the Complaint as a resident of California. *See* ECF No. 1-1 at PageID #: 8. Paray is an individual identified in the caption of the Complaint as a resident of Michigan. *See* ECF No. 1-1 at PageID #: 9. Maust Trucking and Shaffer allege that "[a]t the time Plaintiffs filed their Complaint, State Farm Mutual Automobile Insurance Co. was a Defendant with its principal place of business located in Ohio." ECF No. 1 at PageID #: 1, ¶ 2.[3] For the reasons set forth below, the case at bar is remanded to the Portage County, Ohio Court of Common Pleas.

Under 28 U.S.C. § 1332(a), a court has subject matter jurisdiction over a case raising state law claims only if there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Section 1441(a), 28 U.S.C., provides that any civil action over which the

---

[3] A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

3

(5:23CV1883)

United States district courts have original jurisdiction is removable. And 28 U.S.C. § 1446(b)(1) requires that a notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." In addition, however, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The complete diversity rule requires that every plaintiff be of diverse citizenship from every defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Remand is appropriate because Plaintiffs still have a pending claim for medical payments coverage against State Farm. *See* Plaintiffs' Partial Voluntary Dismissal of Defendant State Farm Mutual Automobile Insurance Co.

Moreover, when an action is removed under § 1441(a), the rule of unanimity requires that all defendants must join in the notice of removal or file a written consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."), *cert. denied,* 528 U.S. 1076 (2000) *see also City of Cleveland v. Ameriquest Mort. Securities, Inc.*, 615 F.3d 496, 501-502 (6th Cir. 2010). Espiritu, Paray, and State Farm have not joined in the Notice of

4

(5:23CV1883)

Removal of Civil Action (ECF No. 1) or filed a written Notice(s) indicating whether they affirm, consent to or join in the removal.

Without regard to whether the parties may have stated otherwise valid claims for relief, it is clear the Court lacks subject matter jurisdiction over this matter. The inclusion of State Farm is a violation of the complete diversity rule since Plaintiffs are co-citizens of State Farm. *See Caudill v. North America Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). Accordingly, the within matter will be remanded to the state court from which it was removed because complete diversity is lacking. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    IT IS SO ORDERED.

| | |
|---|---|
|   October 30, 2023 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |